IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Pingyang Hongxing Craft Factory and Hao Xiao, <br><br>Plaintiffs, <br><br>v. <br><br>Guangzhou Dingbao International Trade Co., Ltd. & Guangzhou Shemaoyao Trading Co., Ltd., <br><br>Defendants. | ) <br> ) <br> ) <br> ) Civil Action No.: 1:25-cv-08240 <br> ) <br> ) <br> ) Jury Trial Demanded <br> ) <br> ) <br> ) |

## VERIFIED COMPLAINT

Plaintiffs Pingyang Hongxing Craft Factory and Hao Xiao ("Hongxing" and "Xiao," respectively and "Plaintiffs" collectively) brings this action against Defendants Guangzhou Dingbao International Trade Co., Ltd. and Guangzhou Shemaoyao Trading Co., Ltd. ("Dingbao" and "Shemaoyao," respectively and "Defendants" collectively) and alleges the follows:

## THE PARTIES

1. Hongxing is a Chinese manufacturer of neck massagers and sell its neck massager products through Plaintiffs' Distributors in their online stores on the Amazon platform to consumers in the U.S., including those in the State of New York. A list of direct sales to consumers in the State of New York is shown in **Exhibit 1**.

2. Xiao is an individual residing in the P. R. China and the inventor of the neck massager claimed in the 'CN937 Patent and for sale on December 27, 2023 on Alibaba, which is identical or nearly identical to that claimed in the 'D910 Patent.

3. On information and belief, Dingbao is also a Chinese company, with a principal place of business at 2nd Floor, Room 203, Building 2, Zhongchuanghui Dashi Yunhe, Industrial Second Road, Dashi Street, Panyu District, Guangzhou, Guangdong Province, P.R. China.

1

4.  Shemaoyao is also a Chinese company, with a principal place of business at Room B241, 1501-2, 15th Floor, No.7 Lingshan East Road, Tianhe District, Guangzhou City, Guangdong Province, P.R. China.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 2201 (Declaratory Judgment Act) and 35 U.S.C. § 100, et seq.  The Court also has supplemental jurisdiction over state law claim for tortious interference with business relationship.

6.  This Court has personal jurisdiction over Defendants under FRCP Rule 4(k)(2) because Plaintiffs assert a claim arising under federal law and the Defendants is not subject to jurisdiction in any state's court of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws.

7.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b)(3) which requires that "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Each Defendant is subject to the personal jurisdiction of this Court under FRCP Rule 4(k)(2).

## FACTUAL BACKGROUND

8.  This action arises under the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the United States Patent Act, 35 U.S.C.§100 et seq.

9. Xiao's invention of the first neck massager was motivated by his desire to make a cervical pillow that provided the precise support of a personal therapist, yet allowed for relaxation anytime, anywhere, and could be adjusted flexibly to suit a user's lifestyle[1].

10. After scouring offline rehabilitation centers and e-commerce platforms, Xiao discovered that cervical pillows on the market were either rigid cylindrical pillows (forcibly straightening the cervical spine) or fluffy but collapsing fiber pillows (which deformed after a night's sleep), with superficial massage functions, tickling vibrations felt and/or unbearable heat.

11. Xiao used a 3D scanner to collect the cervical curvature of more than 500 people, from teenagers to the elderly, and found that 15°-20° lordosis plus symmetrical support on both sides is the key. Xiao also incorporated the Fengchi acupoint and Jingjiaji acupoint on the 3D model and use two convex points to achieve "layered massage".

12. After numerous trials and errors with materials such as memory foam and latex, Xiao adopted the medical grade polyurethane ("PU"), with the support area using medium-density PU (50A), which is both resilient and non-collapsed.

13. Xiao also tested the neck massagers on convex points for acupressure points, variable electric intensity, and thermal sensors for temperature control. The compact design of the neck massager makes it suitable for use in the office, on high-speed trains, or in hotels. The final version of the neck massager (Plaintiffs' Neck Masssager") is shown in the photo below:



---

[1] He was also motivated by a desire to reduce the suffering of colleagues losing their natural cervical curvature due to long hours and to alleviate his father's stiff neck and the pain preventing him from turning over during the night.

14. Xiao filed Chinese Patent No. CN308749937 ("the 'CN937 Patent," **Exhibit 2**) on November 27, 2023 to claim the Plaintiffs' Neck Massager and the 'CN937 Patent was allowed and published on July 23, 2024.

15. Plaintiff's Neck Massager was also posted on Alibaba for sale to the public worldwide, including the United States, on December 27, 2023 (**Exhibit 3**).



16. Plaintiffs' Neck Massagers are also sold at wholesale price to distributors for sale on Amazon to consumers in the United States, including (1) SZ Technology US, (2) Mattel-US, (3) Dongheng PT Tools, (4) ZZJSWHTY and (5) ALLILUYAA (hereinafter "Plaintiffs' Distributors"). Dingbao purchased Plaintiffs' Neck Massagers on October 25, 2024 for resale. (**Exhibit 4.** Dingbao's October 25, 2024 purchase order from Hongxing).

17. Dingbao is closely linked to Shemaoyao through Zexin Huang who is one of Dingbao's two shareholders and concurrently works as a supervisor/director of Shemaoyao which is solely owned by Zeyan Huang (**Exhibit 5**).

18. Dingbao and Zexin Huang passed on Plaintiffs' Neck Massager to Shemaoyao and Zeyan Huang to file a sham patent application.

19. On January 10, 2025, Zeyan Huang as the inventor and Shemaoyao as the Applicant, filed U.S. Patent Application No. 29/983,444 ("the '444 Application") (**Exhibit 6**. Application Data Sheet), claiming a neck massager design identical or substantially identical to that of the Plaintiffs' Neck Massager. A direct comparison of the neck massager designs is

4

shown in the table below:

| The 'CN937 Patent (Published: July 23, 2024) | Plaintiffs' Neck Massager (On Sale: December 27, 2023) | The '444 Application (Filed: January 10, 2025) |
|---|---|---|
|  |  |  |

20.     Also on January 10, 2025, Zeyan Huang and Shemaoyao filed a petition for expedited examination of the '444 Application with a fraudulent certification to the Patent Office that they have conducted a prior art search (**Exhibit 7**). However, they intentionally failed to disclose to the Patent Office the 'CN937 Patent, the neck massager purchase from Hongxing and Plaintiffs' prior public sales on Alibaba.

21.     Zeyan Huang and Shemaoyao failed to notify the Patent Office that they are not entitled to claim the same/substantially the same neck massager design obtained from the Plaintiffs and/or from the public domain.

22.     In reliance on the frauds and material misrepresentation/omission of Zeyan Huang and Shemaoyao, the Patent Office allows the 'D444 Application to be issued as the 'D910 Patent on June 24, 2025 (**Exhibit 8**). The 'D910 Patent claims a neck massager as shown in the '444 Application and in the figure below:



23.     On or about July 23, 2025, Shemaoyao filed a fraudulent complaint against Plaintiffs' Distributors with allegation of infringing the 'D910 Patent, resulting in lockdown of the online stores of Plaintiffs' Distributors (**Exhibit 9**. Amazon Lockdown Notices to (1) SZ Technology US, (2) Mattel-US, (3) Dongheng PT Tools and (4) ZZJSWHTY) and place Plaintiffs' business operations at imminent risk.

24.     The prior sales of the Plaintiffs' Neck Massagers anticipate the claim of the 'D910 Patent because they are identical or substantially identical to each other[2].

25.     The 'CN937 Patent also anticipates the claim of the 'D910 Patent under the ordinary observer test for anticipation because their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be the other. *Door-Master Corp. v. Yorktowne, Inc.*, 256 F. 3d 1308 (Fed. Cir. 2001) citing *Gorham Co. v. White*, 81 U.S. 511, 528 (1871).

26.     Both the Plaintiffs' Neck Massager and the 'CN937 Patent are material facts to the patentability of 'D910 Patent and Defendants failed to disclose these material facts to the Patent Office during the prosecution of the 'D910 Patent. Such failure to disclose material facts to the Patent Office constitutes violations of 37 C.F.R. § 1.56.

---

[2] In the complaint to Amazon, Defendants alleged that Plaintiffs' Neck Massager infringed the 'D910 Patent, i.e., they are substantially the same.

27.     Had Defendants disclosed these material facts to the Patent Examiner, the 'D910 Patent would have been rejected by the Patent Office as unpatentable under 35 U.S.C. § 102 and/or 35 U.S.C. § 103.

28.     As a result of Defendants' violations of 37 C.F.R. § 1.56, the 'D910 Patent is unenforceable due to fraud and inequitable conduct before the Patent Office.

29.     Defendants knew or should have known that the 'D910 Patent is invalid due to prior public disclosures of an identical or strikingly similar design in the neck massager, which predates the earliest filling date of the 'D910 Patent.

30.     Defendants also knew or should have known that the 'D910 Patent is unenforceable due to their own failure to disclose material facts to the Patent Office.

31.     Despite this knowledge, Shemaoyao proceeded to filed fraudulent Amazon complaints based on the 'D910 Patent against Plaintiffs' Distributors, which resulted in the wrongful removal of Plaintiffs' Neck Massagers from Amazon marketplace and halted the sale of Plaintiffs' Neck Massagers to consumers in the United States, including those in the State of New York. Defendants wrongful actions created substantial damages to Plaintiffs.

32.     Additionally, Xiao is the real inventor of the Plaintiffs' Neck Massager and should be named as the inventor of the 'D910 Patent under 35 U.S.C. § 256(b).

**COUNT I. DECLARATORY JUDGMENT OF PATENT INVALIDITY**

33.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

34.     The 'D910 Patent is invalid for failing to comply with at least the conditions of patentability set forth in 35 U.S.C. § 102. Specifically, the 'D910 Patent is anticipated by Plaintiffs' prior sale/offer for sale of the neck massagers before the earliest possible priority date

of the 'D910 Patent.

35.     The prior art sales include at least the December 27, 2023 listing on Alibaba and the October 25, 2024 sale to Dingbao.

36.     Additionally, the prior art include the 'CN937 Patent which also anticipates the claim of the 'D910 Patent.

37.     As plainly shown below in a side-by-side comparison of the neck massagers in the table below, the Plaintiffs' Neck Massager and the 'D910 Patent invalidate the 'D910 Patent.

| The 'CN937 Patent (Published: July 23, 2024) | Plaintiffs' Neck Massager (On Sale: December 27, 2023) | The 'D910 Patent (Filed: January 10, 2025) |
|---|---|---|
| | | |

38.     Furthermore, the 'D910 Patent is invalid under 35 U.S.C. § 103 because the claimed design would have been obvious to a designer of ordinary skill in the art in view of the prior arts. Any differences between the claimed design and the prior arts are minor and do not create a distinct overall visual impression sufficient to warrant patentability.

39.     Pursuant to the Federal Declaratory Judgment Act, Plaintiffs seek a judicial declaration that the 'D910 Patent is invalid for failing to meet the condition of patentability set forth in 35 U.S.C. § 102 and/or 35 U.S.C. § 103, as it is anticipated by or rendered obvious over the prior art and therefore invalid.

**COUNT II. DECLARATION OF UNENFORCEABILITY**

40. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

41. The 'D910 Patent is unenforceable due to inequitable conduct during prosecution before the Patent Office.

42. Defendants failed to disclose material prior art to the Patent Office, including but not limited to the publicly disclosed Plaintiffs' Neck Massager and the 'CN937 Patent, which anticipate the claimed design of the 'D910 Patent under 35 U.S.C.§102 and/or rendered such patent obvious under 35 U.S.C.§103.

43. The failure to disclose these material prior arts was willful and intentional, with the intent to deceive the Patent Office by withholding information that would have invalidated the 'D910 Patent.

44. Such intentional failure to disclose material facts to the Patent Office constitutes inequitable conduct that renders the 'D910 Patent unenforceable.

45. Furthermore, Defendants' submission of baseless patent infringement complaints to Amazon, relying upon the 'D910 Patent, constitutes misuse of the patent process and demonstrates bad faith in the enforcement of an invalid patent.

46. Plaintiffs are entitled to a judicial declaration that the 'D910 Patent is unenforceable due to the Defendants' inequitable conduct during prosecution and their continued bad faith enforcement.

47. Defendants' fraudulent complaints to Amazon NS their sham application for the 'D910 Patent have caused harm to Plaintiffs' business, including the wrongful removal of its neck massager products and the potential for future delisting, Plaintiffs seek a declaration that

the 'D910 Patent is unenforceable, to prevent further irreparable and ongoing harm that cannot be fully remedied at law.

48. Defendants' continued threat against Plaintiffs' Distributors with infringement actions under the 'D910 Patent has caused and continues to cause irreparable harm that cannot be fully remedied at law.

49. Based on the foregoing, a justifiable controversy exists between Plaintiffs and Defendants regarding the unenforceability of the 'D910 Patent.

50. For the reasons discussed herein, Plaintiffs are entitled to a declaratory judgment that the 'D910 Patent is unenforceable due to Defendants' inequitable conduct and bad faith enforcement practices.

**COUNT III. CORRECTION OF INVENTORSHIP**

51. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

52. Xiao has demonstrated that he is the first one to invent the Plaintiffs' Neck Massager as shown in the 'CN937 Patent.

53. Xiao has also demonstrated that the Zeyan Huang derived his claimed subject matter in the 'D910 Patent from Xiao, through the neck massager purchase.

54. Xiao is entitled to a declaratory judgment that he is the rightful inventor of the 'D910 Patent.

**COUNT IV. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

55. Plaintiffs incorporate by reference the preceding paragraphs as though fully set forth herein.

56. Hongxing and Plaintiffs' Distributors have a valid and enforceable contractual

relationship for distribution of Plaintiffs' Neck Massagers.

57. Defendants were aware of Hongxing's contractual agreement with Plaintiffs Distributors, as Dingbao knew Hongxing sell its neck massager products through Plaintiffs' Distributors and Dingbao had once distributed Plaintiffs' Neck Massagers.

58. Defendants intentionally and unjustifiably forced Plaintiffs' Distributors to stop purchasing Plaintiffs' Neck Massagers by filing bad faith Amazon infringement complaints, despite knowing that the 'D910 Patent is invalid, unenforceable and derived from the Plaintiffs.

59. As a direct result, Plaintiffs' Distributors breached their agreements with Hongxing by stop selling Plaintiffs' Neck Massagers.

60. Defendants' conduct has caused economic and financial harm to Hongxing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. A declaration that the 'D910 Patent is invalid;

b. A declaration that the 'D910 Patent is unenforceable;

c. A declaration that Xiao is the inventor of the 'D910 Patent;

d. A judgment that Defendants have tortiously interfered with Hongxing's contractual relations;

e. Ordering that Defendants shall immediately withdraw or revoke any complaints submitted to Amazon alleging infringement of the 'D910 Patent with respect to Plaintiffs' Neck Massager;

f. Granting preliminary and permanent injunctive relief enjoining Defendants, their officers, agents, employees, affiliates, and all persons acting in concert with them from asserting or threatening to assert the 'D910 Patent against Plaintiffs, including but not limited to any

further notices or correspondence directed to Amazon or any third-party platform;

      g.      Awarding Plaintiffs damages or restitution sufficient to compensate for lost sales and revenue resulting from the delisting of Plaintiff's Neck Massagers on Amazon, in an amount to be determined at trial;

      h.      Awarding Plaintiffs damages for losses arising from stranded inventory, storage fees, and inventory removal expenses caused by Amazon's delisting of Plaintiff's Neck Massagers, in an amount to be determined at trial;

      i.      Awarding Plaintiffs damages for harm to goodwill, reputation, customer reviews, star ratings, and Amazon marketplace rankings associated with the delisted ASIN, in an amount to be determined at trial;

      j.      Ordering Defendants to file with the Court, and serve on Plaintiff's counsel, within fourteen (14) days of the entry of such order, a written report under oath confirming compliance with any injunctive relief granted by this Court;

      k.      Awarding Plaintiffs enhanced damages based on Defendants' willful misconduct and the exceptional nature of this case, pursuant to applicable law;

      l.      Awarding Plaintiffs compensatory, general and special, consequential, and incidental damages in an amount to be determined at trial;

      m.      Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages where appropriate under applicable law;

      n.      Awarding Plaintiffs pre-judgment and post-judgment interest as permitted by law;

      o.      A declaration that this case is exceptional and an award to Plaintiffs of their costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a jury trial of all issues triable to a jury.

Respectfully submitted,

Dated: October 04, 2025

*/s/ Lance Liu*
Lance Liu, Esq.
NY Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
(203)706-9536

**ATTORNEY FOR PLAINTIFFS**

VERIFIED BY:

Hao Xiao

Dated: October 4, 2025